**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4331**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

IRVIN HANNIS CATLETT, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Roger  W.  Titus,  District  Judge.
(8:10-cr-00101-RWT-1)

_____

Submitted:  November 30, 2012      Decided:  December 11, 2012

_____

Before AGEE, DAVIS, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Irvin  Hannis  Catlett,  Jr.,  Appellant  Pro  Se.  Gregory  Robert
Bockin, Assistant United States Attorney, Baltimore, Maryland;
Frank  Phillip  Cihlar,  Gregory  Victor  Davis,  Mark  Sterling
Determan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Irvin Hannis Catlett, Jr., of conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371 (2006); ten counts of aiding in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2) (2006); and corruptly endeavoring to obstruct the administration of the internal revenue laws and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 26 U.S.C. § 7212(a) (2006). The district court sentenced Catlett to a total of 210 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Catlett argues that the district court erred in denying his requests for continuances at various stages of the trial. We review a district court's denial of a continuance for abuse of discretion. See United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006). However, "even if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail." Id. at 739 (internal quotation marks and citation omitted). We conclude that the district court did not abuse its discretion in denying Catlett's requests.

Catlett also argues that the Government committed prosecutorial misconduct by unfairly intimidating witnesses and committing various other improper acts. To succeed on a claim

of prosecutorial misconduct, a defendant must show that the government's "conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). "In reviewing a claim of prosecutorial misconduct, we review the claim to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. (internal quotation marks and citation omitted). After reviewing the record, we conclude that the Government did not commit misconduct.

Catlett next argues that the district court prejudiced him by asking the potential jurors whether they had any strong views of the tax laws during voir dire, and that the district court was biased against him. As Catlett did not raise the voir dire issue below, we review this argument for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, Catlett must demonstrate that there was error, that was plain, and that affected his substantial rights. Id. Moreover, even if Catlett demonstrates plain error occurred, this court will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). We have reviewed the record and the relevant legal

3

authorities and conclude that the district court did not commit plain error in conducting voir dire. In addition, we conclude that Catlett has failed to demonstrate that the district court was biased against him. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).

Catlett also argues that the district court erred in refusing his proposed jury instruction on the definition of reasonable doubt. However, the district court did not err as "[i]t is well settled in this circuit that a district court should not attempt to define the term 'reasonable doubt' in a jury instruction absent a specific request for such a definition from the jury." United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995) (citation omitted).

Next, Catlett argues that there was insufficient evidence to support the conspiracy conviction. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a

4

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to demonstrate conspiracy to defraud the United States, the Government had to demonstrate "(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) an intent on the part of the conspirators to agree as well as to defraud the United States." United States v. Gosselin World Wide Moving, 411 F.3d 502, 516 (4th Cir. 2005) (internal quotation marks and citation omitted). However, the Government is not required to make this showing through direct evidence as "a conspiracy may be proved wholly by circumstantial evidence," and therefore may be inferred from the circumstances presented at trial. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). Our review of the record leads us to conclude

5

that the Government presented overwhelming evidence of Catlett's guilt of the offenses of conviction.

Catlett also challenges the district court's calculations under the Sentencing Guidelines. Specifically, Catlett contends that the district court erred in enhancing the base offense level for obstruction of justice and in calculating his criminal history category. In reviewing the district court's calculations under the Guidelines, we "review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks, alteration, and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

Under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2011), a district court applies a two-level enhancement in offense level if the defendant attempted to obstruct or impede the administration of justice with respect to the prosecution of the offense of conviction and that conduct related to the conviction or any relevant conduct. The Guidelines specify that committing perjury constitutes such conduct. See USSG § 3C1.1 cmt. n.4(B). In addition, in calculating a defendant's criminal history under the Guidelines,

6

a district court shall add three points for each prior sentence of imprisonment exceeding one year and one month. USSG § 4A1.1(a). "A sentence imposed more than fifteen years prior to the commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." USSG § 4A1.1 cmt. n.1. Here, the district court correctly enhanced Catlett's offense level for obstruction of justice and correctly calculated Catlett's applicable criminal history category under the Guidelines.

Catlett next argues that his conviction for corruptly endeavoring to obstruct the administration of the internal revenue laws is barred by the statute of limitations. As Catlett failed to raise this issue before the district court, we review this argument for plain error. See Olano, 507 U.S. at 731-32. "In order to prove a violation of 26 U.S.C.[] § 7212(a), the government must prove that the defendant: 1) corruptly; 2) endeavored; 3) to obstruct or impede the administration of the Internal Revenue Code." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal quotation marks and citation omitted). The applicable statute of limitations is six years, and commences on the date of the last corrupt act. See id. at 236 (citing 26 U.S.C. § 6531(6) (2006)). We have thoroughly reviewed the record and conclude that the statute of limitations did not bar Catlett's conviction

on this count.  In addition, we have reviewed Catlett's other arguments and conclude that they lack merit.

We therefore affirm the judgment of the district court. We further deny Catlett's motions to vacate the convictions and to reconsider our prior order denying his motion to compel production of the record.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
